# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LEE THOMPSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GARCIA-FERNANDEZ, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:22-cv-01208-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 1, 11, 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Tommy Lee Thompson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 22, 2022, the Court screened Plaintiff's complaint and found that Plaintiff stated cognizable claims against Defendants E. Garcia-Fernandez, Bravo, Guerro, C. Castillo, Gonzales, and Espanoza for excessive force in violation of the Eighth Amendment for the incident on June 18, 2022, but failed to state any other cognizable claims for relief against any other defendants.  (ECF No. 11.)  The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claims identified by the Court.  (*Id.*)  On January 5, 2023, Plaintiff notified the Court of his willingness

1

to proceed only on the cognizable claims against Defendants E. Garcia-Fernandez, Bravo, Guerro, C. Castillo, Gonzales, and Espanoza for excessive force in violation of the Eighth Amendment for the incident on June 18, 2022.  (ECF No. 12.)

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**A.     Allegations in Complaint**

Plaintiff is currently housed at California State Prison at Lancaster, California.  Plaintiff alleges the events in the complaint occurred at North Kern State Prison.  Plaintiff names the following defendants: (1) E. Garcia-Fernandez, Sergeant; (2) Bravo, correctional officer; (3) Guerro, correctional officer; (4) C. Castillo, correctional officer; (5) Gonzales, correctional officer; and (6) Espanoza, correctional officer.

In claim 1, Plaintiff alleges unnecessary use of force in violation of the Eighth Amendment. On about 6/18/22, a nonparty staff person confiscated Plaintiff's J-pay letter. Plaintiff alleges, "I eventually broke my cell window out. Def. Garcia-Fernandez came to my cell Fac. A-Building 4 cell #247. Upon escort, I may have accidently discharged my saliva towards escorting officer Castillo." Defendant Garcia-Fernandez was escorting Plaintiff too from behind. The Defendant was fully aware that Plaintiff was secured in hand cuffs behind Plaintiff's back. But Defendant violently picked Plaintiff up off Plaintiff's feet and power slammed Plaintiff to the concrete pavement. Plaintiff's head hit the pavement hard along with his shoulder and chest area. Plaintiff alleges he did nothing to the defendant to cause Defendant Garcia-Fernandez to attack Plaintiff while in restraints.

Plaintiff alleges he has headaches, abrasions and bruises to his left facial cheek area and has abrasions to his left wrist and forearm. He has anxiety, nightmares and PTSD symptoms.

In claim 2, Plaintiff alleges excessive force as follows:

> On & about 6/18/2022, once I was taken to Fac-A gym—& was housed inside a small security cage, I began to exchange words with Defendant Bravo, Castillo & Garcia-Fernandez. Def Bravo then re-open the cage I was secured in, he yankes me out of the cage with force (mind you I was still in handcuffs—behind my back.) As Def Bravo forced me out the cage, he began to choke me in a head lock & threaten my life. Def choked me so hard it was very hard for me to breathe—partially suffercating me. Bravo released his choke hold & began to punch me—taking turn with Castillo punching me in my stomach-chest area.

(ECF No 1, p. 6 (unedited text).)

Plaintiff alleges he suffers PTSD, anxiety, neck pain, nightmares, headaches and partial suffocation.

In claim 3, Plaintiff alleges that at the 6/18/22 incident, Defendant Guerro assisted Defendant Bravo with pulling Plaintiff out of the cage with unnecessary force and once Defendant Bravo finished choking Plaintiff, Defendant Guerro put Plaintiff in a choke hold, by wrapping both arms around Plaintiff's neck. He squeezed Plaintiff's neck so hard that Plaintiff could not inhale normally and was being suffocated. Plaintiff was still handcuffed behind his back and unable to breathe for a second time. Plaintiff alleges the same injuries as in claim 2.

///

3

In claim 4, Plaintiff alleges that at the 6/18/22 incident, Defendant Castillo also repeatedly and violently punched Plaintiff in Plaintiff's stomach and chest area. He also threatened Plaintiff's life. Plaintiff alleges the same injuries.

In claim 5, Plaintiff alleges that Defendant Gonzales was part of the 6/18/22 incident where Defendant Gonzalez punched Plaintiff in the head repeatedly so hard that Plaintiff's nose was partially out of place. Plaintiff suffered a broken nose, severe pain, swollen face, anxiety, nightmares and black eyes.

In claim 6, Plaintiff alleges that Defendant Espanoza was part of the 6/18/22 incident where Defendant violently punched Plaintiff in his face and head area repeatedly so hard that his nose was broken. Plaintiff alleges the same injuries as in claim 5.

Plaintiff seeks compensatory damages and retraining of the defendants.

**B.  Discussion**

**1.  Eighth Amendment – Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not

4

1  significant injury is evident. *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th
2  Cir. 2002).
3      At the pleading stage, Plaintiff states a cognizable claim against Defendants E. Garcia-
4  Fernandez, Bravo, Guerro, C. Castillo, Gonzales, and Espanoza for excessive force in violation of
5  the Eighth Amendment for the incident on June 18, 2022.[1]
6      However, Plaintiff fails to state a cognizable claim for being "violently" pulled out of the
7  cage. Plaintiff is advised that the Supreme Court has recognized not every "malevolent touch" by
8  a prison guard will give rise to a federal cause of action. *Hudson v. McMillan*, 503 U.S. 1, 9
9  (1992) (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("[N]ot every push or shove,
10 even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's
11 constitutional rights[.]")); *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010) (citation omitted) ("An
12 inmate who complains of a push or shove that causes no discernible injury almost certainly fails
13 to state a valid excessive force claim.")

### 2. Verbal Harassment

15 Plaintiff fails to state a cognizable claim for threats. Allegations of name-calling, verbal
16 abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which
17 prohibits cruel and unusual punishment. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996)
18 ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on
19 denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.
20 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a
21 cause of action). Even in cases concerning "abusive language directed at [a plaintiff's] religious
22 and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional
23 deprivation under 42 U.S.C. § 1983.' " *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997)
24 (quoting *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)) (alterations omitted),
25 abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). However, verbal

---

[1] The Court recognizes that some reasonable force by Defendants may have been necessary, based upon a penological purpose, because Plaintiff broke his cell window and spit at officers. However, the scope of the force described at the pleading stage states a cognizable claim.

harassment may violate the constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting *Keenan*, 83 F.3d 1083 at 1092).

### 3. Injunctive Relief

Plaintiff appears to seek injunctive relief in that he requests that the officers be trained differently. Requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Committee of Central American Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984).

The injunctive relief sought in this action is not narrowly drawn, and appears to extend much further than necessary to correct the harm identified.

### III. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff states cognizable claims against Defendants E. Garcia-Fernandez, Bravo, Guerro, C. Castillo, Gonzales, and Espanoza for excessive force in violation of the Eighth Amendment for the incident on June 18, 2022. However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendants.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed September 23, 2022, (ECF No. 1), against Defendants E. Garcia-Fernandez, Bravo, Guerro, C. Castillo, Gonzales, and Espanoza for excessive force in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 6, 2023**           /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE