# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LEE THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>GARCIA-FERNANDEZ, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-01208-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANT ESPANOZA, WITHOUT PREJUDICE, FOR FAILURE TO SERVE<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Tommy Lee Thompson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds against Defendants E. Garcia-Fernandez, Bravo, Guerro, C. Castillo, Gonzales, and Espanoza for excessive force in violation of the Eighth Amendment.

**I.   Procedural Background**

On February 28, 2023, the Court issued an order directing service on Defendants in this case under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. (ECF No. 18-1.) The order included the following information regarding Defendant Espanoza: "Correctional Officer Espanoza; NKSP; Facility A Gym; on or about June 1, 2022." (*Id.* at 2.) On April 4, 2023, the Court received information that Defendant Espanoza could not be identified.

///

1

On April 5, 2023, the Court issued an order for Plaintiff to show cause within thirty (30) days why Defendant Espanoza should not be dismissed from this action. (ECF No. 23.) Plaintiff was warned that the failure to respond or failure to show cause would result in the dismissal of Defendant Espanoza from this action due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m). (*Id.* at 3.) Plaintiff did not file a response, and the deadline to do so has expired.

## II.     Legal Standard

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421–22.

## III.    Discussion

The Marshal attempted to serve Defendant Espanoza with the information that Plaintiff provided. However, the information provided was not sufficient to identify Defendant Espanoza

2

for service of process.

Plaintiff was afforded an opportunity to provide further information to locate Defendant Espanoza, (ECF No. 23), but he failed to file a response.

As it appears Plaintiff has no further information that can be used to locate Defendant Espanoza, and as the Marshal has already attempted to serve Defendant Espanoza with the information that was provided, the Court finds that Plaintiff has not provided sufficient information to identify and locate Defendant Espanoza for service of process.

**IV.  Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Espanoza be dismissed from this action, without prejudice, for failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 24, 2023**              /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE

3