# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LEE THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>GARCIA-FERNANDEZ, *et al.*,<br><br>    Defendants. | Case No.  1:22-cv-01208-BAM (PC)<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME AND APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 42) |

    Plaintiff Tommy Lee Thompson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants E. Garcia-Fernandez, Bravo, Guerro, C. Castillo, and Gonzales ("Defendants") for excessive force in violation of the Eighth Amendment.  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF Nos. 38, 41.)

    Pursuant to the August 30, 2023 discovery and scheduling order: (1) all stipulated amendments or motions to amend shall be filed by November 30, 2023; (2) the deadline for filing motions for summary judgment for failure to exhaust administrative remedies is December 30, 2023; (3) the deadline for completion of all discovery, including filing all motions to compel discovery, is April 30, 2024; and (4) the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is July 8, 2024.  (ECF No. 35.)

    Currently before the Court is Plaintiff's motion for extension of time and appointment of counsel, filed November 3, 2023.  (ECF No. 42.)  In his motion, Plaintiff requests a 60-day extension for discovery and other Court ordered filings, specifically referencing deadlines of November 31, 2023 and December 30, 2023.  Plaintiff states that the request is due to lack of

1  resources and assistance, because he is in the SHU locked down 23 or 24 hours per day, and he
2  cannot go to the law library when he would like to because there are waiting lists for weeks or
3  more.  Plaintiff also requests state appointed assistance from a public defender due to his lack of
4  knowledge of legal matters.  Plaintiff has been getting help from other inmates who know the law
5  but is unable to obtain the knowledge he needs to file motions and format discovery in such a
6  short time.  (*Id.*)

7  Defendants have not yet had an opportunity to file a response to Plaintiff's motion, but the
8  Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

9  Plaintiff is informed that he does not have a constitutional right to appointed counsel in
10 this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*
11 *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to
12 represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*
13 *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may
14 request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at
15 1525.

16 Without a reasonable method of securing and compensating counsel, the Court will seek
17 volunteer counsel only in the most serious and exceptional cases.  In determining whether
18 "exceptional circumstances exist, a district court must evaluate both the likelihood of success on
19 the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the
20 complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

21 The Court has considered Plaintiff's request, but does not find the required exceptional
22 circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has
23 made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
24 This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and with
25 limited access to the law library almost daily.  These litigants also must conduct legal research
26 and discovery without the assistance of counsel.

27 Furthermore, at this stage in the proceedings, the Court cannot make a determination that
28 Plaintiff is likely to succeed on the merits.  Although Plaintiff has stated some cognizable claims,

this does not mean he will prevail on the merits of his claims, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

With respect to Plaintiff's request for extension of time, the Court notes that it appears Plaintiff is seeking an extension of all deadlines currently set in this action, or in particular the deadlines for filing a motion to amend the complaint, the deadline for filing a motion for summary judgment for failure to exhaust administrative remedies, and the deadline for the completion of all discovery.

At this time, the Court finds that an extension of these deadlines is not appropriate. Plaintiff has not indicated that he intends to file a motion to amend the complaint, or why such an amendment is needed. Further, the deadline for the filing a motion for summary judgment for failure to exhaust administrative remedies is not applicable to Plaintiff, as it relates to an affirmative defense that may be raised by Defendants, not Plaintiff. Finally, as the deadline for completion of all discovery is not until April 30, 2024, the Court finds that an extension of that deadline, for the reasons presented in Plaintiff's motion, would be premature.

Plaintiff is reminded that the deadlines set by the Court's discovery and scheduling order do not require Plaintiff to file any specific documents by those dates. If Plaintiff wants to request future extensions of any deadlines in this action, he should specify which deadline he wishes to extend, the specific filing or motion he needs additional time to complete, and what grounds present good cause for the requested extension.

Accordingly, Plaintiff's motion for extension of time and motion for appointment of counsel, (ECF No. 42), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 7, 2023**         /s/ *Barbara A. McAuliffe*         
                                       UNITED STATES MAGISTRATE JUDGE

3