UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LEE THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GARCIA-FERNANDEZ, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-01208-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE<br>(ECF No. 45)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION TO APPOINT COUNSEL<br>(ECF No. 46)<br><br>ORDER GRANTING EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Tommy Lee Thompson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants E. Garcia-Fernandez, Bravo, Guerro, C. Castillo, and Gonzales ("Defendants") for excessive force in violation of the Eighth Amendment. All parties have consented to United States Magistrate Judge jurisdiction. (ECF Nos. 38, 41.)

On December 22, 2023, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. (ECF No. 44.) Plaintiff's opposition was due on or before January 15, 2024.

After Plaintiff failed to file an opposition to the motion for summary judgment, on January 29, 2024, the Court issued an order for Plaintiff to show cause within twenty-one days why this

action should not be dismissed for failure to prosecute. (ECF No. 45.)

Currently before the Court is Plaintiff's response to the order to show cause, filed March 12, 2024. (ECF No. 46.) Plaintiff states that he is not legally fit to represent himself, and all time bars and expectations do not apply to him as it is illegal to act or impersonate any type of lawyer, cop, judge, etc. Plaintiff would state all facts submitted are true and he does not have to exhaust state remedies, as the 602 process has been vetoed and abandoned. Plaintiff's 602s have disappeared. Plaintiff would like a docket of all documents pertaining to this case and he would like to proceed with jury trial or other exhibitions to speed up the process. (*Id.*)

Although Plaintiff's filing is difficult to understand, it appears Plaintiff is renewing his request for appointment of counsel, attempting to raise a defense to Defendants' motion for summary judgment regarding Plaintiff's failure to exhaust his administrative remedies, and requesting copies of the docket in this case.

Plaintiff is reminded that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). As discussed in the Court's November 7, 2023 order denying Plaintiff's previous request for appointment of counsel, the Court does not find the required exceptional circumstances. Plaintiff's assertion that he is not legally fit to represent himself is not sufficient to entitle him to appointment of counsel, and the Court does not find that Plaintiff cannot adequately articulate his claims in this action. Further, even though Plaintiff is representing himself in this action by appearing *pro se*, this does not mean that Plaintiff is impersonating a lawyer.

To the extent Plaintiff is arguing that he is not required to exhaust his state remedies due to problems with the appeals process at his institution, this argument should be presented in opposition to Defendants' motion for summary judgment. Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849

F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 44-1.)

If Plaintiff is requesting copies of all documents filed in this case, Plaintiff is informed that the Clerk of the Court does not ordinarily provide free copies of case documents to parties, even those proceeding *in forma pauperis*. *See Hullom v. Kent*, 262 F.2d 862, 863 (6th Cir. 1959.) Plaintiff is responsible for maintaining his own records for this proceeding. Plaintiff is informed that the Clerk charges $0.50 per page for copies of documents. *See* 28 U.S.C. § 1914(b). Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request, prepayment of the copy fees, and submission of a large, self-addressed stamped envelope. Plaintiff should specifically identify which documents he wants copied.

Finally, in light of Plaintiff's response, the Court finds it appropriate to discharge the order to show cause and grant Plaintiff a **final** opportunity to file an opposition to Defendants' motion for summary judgment. The Court finds that an extension of thirty days is appropriate under the circumstances, and further finds that Defendants will not be prejudiced by the brief extension granted here.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The January 29, 2024 order to show cause, (ECF No. 45), is DISCHARGED;
2. Plaintiff's renewed motion to appoint counsel, (ECF No. 46), is DENIED, without prejudice;
3. Plaintiff's opposition to Defendants' motion for summary judgment is due within **thirty (30) days** from the date of service of this order; and
4. **Plaintiff's failure to file an opposition in compliance with this order will result in dismissal of this action, without prejudice, for failure to prosecute.**

IT IS SO ORDERED.

Dated:   **March 15, 2024**                              /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE

3