# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY LEE THOMPSON,<br><br>            Plaintiff,<br><br>    v.<br><br>GARCIA-FERNANDEZ, *et al.*,<br><br>            Defendants. | Case No. 1:22-cv-01208-BAM (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER AS MOOT<br>(ECF No. 50)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER<br>(ECF No. 48) |

Plaintiff Tommy Lee Thompson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants E. Garcia-Fernandez, Bravo, Guerro, C. Castillo, and Gonzales ("Defendants") for excessive force in violation of the Eighth Amendment. All parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 38, 41.) For the reasons that follow, the Court orders that this action be dismissed, without prejudice.

**I.    Background**

On December 22, 2023, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. (ECF No. 44.) Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. *Woods v. Carey*,

1

1  684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v.*
2  *Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).  (ECF No. 44-1.)  Following Plaintiff's failure
3  to file an opposition to the motion for summary judgment, the Court issued an order for Plaintiff
4  to show cause within twenty-one days why this action should not be dismissed for failure to
5  prosecute.  (ECF No. 45.)  Plaintiff filed a response to the order to show cause on March 12,
6  2024.  (ECF No. 46.)  In light of Plaintiff's response, the Court granted Plaintiff a final extension
7  of time to respond to Defendants' motion for summary judgment and directed Plaintiff to file an
8  opposition to the pending motion for summary judgment within thirty days.  (ECF No. 48.)
9  Plaintiff was warned that failure to comply with the Court's order would result in dismissal of this
10 action, without prejudice, for failure to prosecute.  (*Id.* at 3.)

11      Plaintiff's response was due on or before April 22, 2024.  Plaintiff has failed to submit
12 any response to Defendants' motion for summary judgment and has not otherwise communicated
13 with the Court.

14      On April 30, 2024, Defendants filed a declaration of counsel in lieu of a reply brief in
15 support of the motion for summary judgment, together with a motion to modify the scheduling
16 order and extend all case deadlines pending resolution of the motion for summary judgment or
17 dismissal of this action for failure to prosecute.  (ECF Nos. 49, 50.)  In light of the discussion
18 below, Defendants' motion to modify the scheduling order is denied as moot.

19 **II.      Discussion**

20      Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with
21 any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .
22 within the inherent power of the Court."  District courts have the inherent power to control their
23 dockets and "[i]n the exercise of that power they may impose sanctions including, where
24 appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A
25 court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
26 failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46
27 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,
28 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

Here, Plaintiff's response or opposition to Defendants' motion for summary judgment is overdue. Plaintiff was warned that his failure to comply with the Court's orders would result in dismissal of this action for failure to prosecute. Plaintiff has failed to comply.

Plaintiff is obligated to comply with the Local Rules and was informed by the Court of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all applicable rules and the Court's notice, Plaintiff did not file an opposition. Plaintiff has not provided any indication that he is attempting to prepare, or that he intends to submit, an opposition to Defendants' summary judgment motion, despite being provided an opportunity to do so. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement." *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's March 18, 2024 order

expressly warned Plaintiff that if he failed to comply with that order, this matter would be dismissed, without prejudice, for failure to prosecute. (ECF No. 48.) Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance. At this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to expend resources resolving an unopposed dispositive motion in a case which Plaintiff is no longer prosecuting.

### III. Conclusion and Order

Based on the foregoing, the Court finds that dismissal is the appropriate sanction. Accordingly, it is HEREBY ORDERED as follows:

1. Defendants' motion to modify the scheduling order and extend all case deadlines, (ECF No. 50), is DENIED as moot;
2. This action is dismissed, without prejudice, for failure to prosecute and for failure to obey a court order; and
3. The Clerk of the Court is directed to terminate all pending motions and close this case.

IT IS SO ORDERED.

Dated: __May 6, 2024__                    /s/ *Barbara A. McAuliffe* _
                                          UNITED STATES MAGISTRATE JUDGE

4